**RECORD NO. 14-4045**

# IN THE
# United States Court of Appeals
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

v.

ANTOINE CHARLES CARR,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
AT GREENSBORO

**OPENING BRIEF OF APPELLANT
ANTOINE CHARLES CARR**

Thomas H. Johnson, Jr.
GRAY & JOHNSON, LLP
The Gray Building
108 N. Elm Street
P. O. Box 2318
Greensboro, North Carolina 27402
(336) 370-4500 Telephone
thjohnsonlaw@bellsouth.net

*Counsel for Appellant*

LANTAGNE LEGAL PRINTING 801 East Main Street Suite 100 Richmond, Virginia 23219 (804) 644-0477
A Division of Lantagne Duplicating Services

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................... ii

STATEMENT OF APPELLATE JURISDICTION .................................................1

ISSUE PRESENTED ...............................................................................................1

STATEMENT OF THE CASE .................................................................................2

STATEMENT OF THE FACTS ...............................................................................3

SUMMARY OF ARGUMENT ................................................................................4

ARGUMENT ............................................................................................................5

   A.   STANDARD OF REVIEW ........................................................................5

   B.   DISCUSSION OF ISSUES .........................................................................5

CONCLUSION .........................................................................................................9

CERTIFICATE OF COMPLIANCE ......................................................................10

CERTIFICATE OF FILING AND SERVICE .......................................................11

# TABLE OF AUTHORITIES

## CASES

Page

*State v. Tucker*,
    588 S.E.2d 853 (N.C. 2003) ..................................................................................7

*United States v. Davis*,
    _____ F.3d _____ (4th Cir. May 17, 2013).......................................................8

*United States. v. Davis*,
    No 12-4346 (4th Cir. May 17, 2013)..................................................................7

*United States v. Henoud*,
    81 F. 34 (4th Cir. 1996) .......................................................................................5

*United States v. Taylor*,
    495 U.S. 575 (1990)..............................................................................................6

## STATUTES

18 U.S.C. § 922(g) ........................................................................................................5
18 U.S.C. § 922(g)(i) ...................................................................................................2
18 U.S.C. § 922(g)(1)...........................................................................................2, 3, 5
18 U.S.C. § 922(q)(1)...................................................................................................3
18 U.S.C. § 924(e) ...............................................................................................1, 2, 3
18 U.S.C. § 924(e)(1)...................................................................................................5
18 U.S.C. § 3231 ..........................................................................................................1
18 U.S.C. § 3742(a) .....................................................................................................1
21 U.S.C. § 844(a) .......................................................................................................3
28 U.S.C. § 1291 ..........................................................................................................1

## SENTENCING GUIDELINES

U.S.S.G. §4A1.1(e) ......................................................................................................7
U.S.S.G. §4A1.2(a)(2) .............................................................................................6, 7

## RULES

Federal Rule of Appellate Procedure 4 (b) ..................................................................1

## OTHER AUTHORITIES

Black's Law Dictionary 5th Edition ...........................................................................5

# STATEMENT OF APPELLATE JURISDICTION

This appeal is a direct appeal by Defendant Antoine Charles Carr of his conviction in a federal criminal case. Jurisdiction was confirmed on the United District Court by 18 U.S.C. Section 3231. Appellate jurisdiction is conferred on the United States Court of Appeals for the Fourth Circuit by 18 U.S.C. Section 3742 (a), 28 U.S.C. Section 1291 and Federal Rule of Appellate Procedure 4 (b). Defendant Antoine Charles Carr filed a timely notice of appeal on January 15, 2014.

# ISSUES PRESENTED

I. WHETHER THE DISTRICT COURT ERRED IN SENTENCING ANTOINE C. CARR TO 210 MONTHWS AS AN ARMED CAREER OFFENDER UNDER 18 U.S.C. 924 (e)?

## STATEMENT OF THE CASE

The defendant was indicted on March 25, 2013, on one count of felon in possession of a firearm in violation of Title 18 United States Code, Section 922 (g) (i) and 924 (e); (J.A. 10). On May 29, 2013 the defendant was indicted on a superseding indictment on one count of felon in possession of a firearm and ammunition in violation of Title 18 United States Code, Section 922 (g) (1) and 924 (e), and one count of possession of cocaine base; (J.A.11 ) The case was called for trial on July 22, 2013. (J.A.16). The defendant was found guilty by a jury on July 24, 2013. (J. A. 356 ). He was sentenced to the custody of the United States Bureau of Prisons for a total of 210 months (J.A.399 ). The written judgment was filed on January 2, 2014. (J.A. 412 ). The Notice of Appeal was timely filed on January 15, 2014 (J.A. 418).

## STATEMENT OF THE FACTS

On March 25, 2013 the grand jury for the Middle District of North Carolina returned a 1 count indictment against Antoine C. Carr for violation of 18 U.S.C. 922 (q) (1) and 924 (e). (J.A. 10 ). On May 29, 2013, the Grand Jury for the Middle District of North Carolina returned a superseding indictment against Antoine Carr for violations of 18 U.S.C. Section 922 (g) (1) and 924 (e) and 21 U.S.C. Section 844 (a). (J.A.11)

On July 22, 2013, a jury was impaneled. ( J.A.16 ). After 3 days of trial the jury returned a verdict of guilty. (J.A. 356 ). On December 11, 2013, the District Court sentenced Antoine C. Carr to 210 months.(J.A.399). He gave timely notice of appeal. (J.A.418)

## SUMMARY OF ARGUMENT

The Appellant Antoine Charles Carr challenges his sentence based on the District Courts erroneously applying the armed career criminal enhancement to him. These errors were plain and compromised the fairness, integrity and public reputation of the judicial proceedings. Therefore, Appellant Carr sentence should be vacated and his case remanded to the District Court.

# ARGUMENT

## I. Standard of Review

A. The District Court's interpretation of the law and Sentencing Guidelines is reviewed de novo. *United States v. Henoud*, 81 F. 34 484 (4th Cir. 1996).

## II. Discussion of Issues:

Black's Law Dictionary 5th Edition defines "conviction" as the result of a criminal trial which ends in a judgment or sentence that the accused is guilty as charged. Black's Law Dictionary defines "sentence": as "the judgment formally pronounced by the court or judge upon the defendant after his conviction in a criminal prosecution, imposing the punishment to be inflicted." These two words are used to explain or define each other and have very similar if not identical meanings to refer to the same portion of a criminal case or proceedings. 18 U.S. C. Section 924 (e) (1) states: In the case of a person who violates section 922 (g) of this title and has **three previous convictions** by an court referred to in section 922 (g) (1) of the title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this article and imprisoned not less than fifteen years, and notwithstanding any other provision of law, the court shall not suspend the sentence of, or grant a probationary sentence to, such person with respect to the conviction under 922 (g).

In *United States v. Taylor*, 495 U.S. 575, 599 (1990), the Court created a generic definition of burglary for purposes of the Armed Career Criminal Act or ACCA; any crime regardless of its exact definitions or label, having the basic elements of unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime,

The career offender provisions of the sentencing guidelines contain a similar, though not identical, definition, for a crime of violence. The career offender provisions of the Sentencing Guidelines are not the ACCA. However Appellant Antoine Carr argues the interpretation by this court on the consolidated sentences in North Carolina are just as applicable to the ACCA cases as to the career offender cases.

On page 8 of the presentence report, the third paragraph notes that **"The convictions in paragraphs 32, 33 and 34 are considered a single sentence since they were imposed on the same date. USSG § 4A1.2 (a) (2).** However the presentence report omitted the conviction in paragraph 35, however, it was also sentenced on the same date 07/12/1994 as the convictions in paragraph 32, 33, and 34. The defendant contends then that the cases in paragraph 32, 33, 34 and 35 should be considered a single sentence since they were imposed on the same date.

Whereas, under North Carolina Law, a "consolidated sentence" is a mechanism that affects the substantive rights of a defendant, and in some

6

scenarios, could be beneficial to the defendant, See *State v. Tucker*, 588 S. E. 2d 853, 857 (N.C. 2003). Consolidated judgments "work to the benefit of the defendant by limiting the maximum sentence that he can receive for all of the convictions so consolidated". As such a consolidate sentence is distinct from a consolidate proceeding. *U.S. v. Davis*, No *12-4346, (4th Cir. May 17, 2013).* **Thus, when a North Carolina court consolidates offenses for judgment, the outcome is a single judgment for which the length of the sentence is controlled by the maximum sentence for the most serious offense.** *Id***. A consolidated sentence under North Carolina law is a single sentence for purposes of the career offender enhancement.** *Id***.**

U.S.S. G. §4A1.2 (a) (2) states "If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as a single sentence. Prior sentences are always counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (b) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. See also §4A1.1 (e). Since the convictions in Paragraphs 32, 33, 34 and 35 of the Presentence Report are a single sentence

7

because they were imposed on the same date, this is only one sentence to consider as the qualifying sentence for the ACCA. The criminal sentence in Paragraph 36 of the Presentence Report, Felony Possession with Intent to Sell and Deliver Cocaine is not a serious drug offense and does not qualify as a predicate felony conviction for the ACCA because it is not a sentence in excess of 12 months or 1 year.

At the sentencing hearing Appellant Carr objected to paragraph 26 of the Presentence Report and its +7 adjustment for Chapter Four Enhancement (producing offense level 33); and its allegations or conclusions that Appellant Antoine C. Carr is an armed career criminal for the prior convictions for violent felonies. The Appellant contends the matters in paragraphs in paragraphs 32, 33, 34 and 35 of the presentence report are one sentence and one conviction because they were all imposed on the same day according to *U.S. v. Davis*, _____ F. 3d. \_\_\_\_\_ (4th Cir. May 17, 2013).

CONCLUSION

For the reasons stated the Appellant respectfully requests this Court to vacant the judgment and sentence and remand to the District Court for resentencing.

This the 9th day of June, 2014.

/s/THOMAS H. JOHNSON, JR.
*Attorney for Defendant-Appellant*
Gray & Johnson, LLP
108 N. Elm Street
PO Box 2318
Greensboro, NC 27402
Phone: (336) 370-4500
Email: thjohnsonlaw@bellsouth.net
N. C. State Bar # 12175

# **CERTIFICATE OF COMPLIANCE**

I hereby certify that:

1. This brief has been prepared with Word, using a proportionally spaced serif typeface, Times New Roman, 14 point font.

2. Exclusive of: table of contents; table of authorities; any addendum containing statutes, rules, or regulations; and the certificate of service this brief contains <u>1,404</u> words (9 pages).

3. I understand that a material misrepresentation can result in the Court's striking the brief and imposing sanctions. If the Court so directs, I will provide an electronic version of the brief and/or copy of the word or line printout.

/s/THOMAS H. JOHNSON, JR.
*Attorney for Defendant-Appellant*
Gray & Johnson, LLP
108 N. Elm Street
PO Box 2318
Greensboro, NC 27402
Phone: (336) 370-4500
Email: thjohnsonlaw@bellsouth.net
N. C. State Bar # 12175

10

## CERTIFICATE OF FILING AND SERVICE

On the 9th day of June, 2014, I filed the required copies of the foregoing OPENING BRIEF OF APPELLANT with the Clerk of Court electronically using the CM/ECF system, which will send a notice of electronic filing to:

Stephen T. Inman
OFFICE OF THE UNITED STATES ATTORNEY
101 South Edgeworth Street, 4th Floor
Greensboro, North Carolina 27401
usancm.ecfcentral@usdoj.gov

Counsel for Appellee

/s/THOMAS H. JOHNSON, JR.
*Attorney for Defendant-Appellant*
Gray & Johnson, LLP
108 N. Elm Street
PO Box 2318
Greensboro, NC 27402
Phone: (336) 370-4500
Email: thjohnsonlaw@bellsouth.net
N. C. State Bar # 12175